IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LUBRIZOL SPECIALTY PRODUCTS, INC., | |
| Plaintiff, | Civil Action No. _____ |
| v. | **DEMAND FOR JURY TRIAL** |
| FLOWCHEM LLC, | |
| Defendant. | |

## COMPLAINT

Plaintiff Lubrizol Specialty Products, Inc. ("LSPI") brings this Complaint against Defendant Flowchem LLC ("Flowchem") and alleges as follows:

### NATURE OF THE ACTION

This is an action for patent infringement pursuant to 35 U.S.C. § 271, and for declaratory judgment of patent infringement under 28 U.S.C. § 2201. The patented inventions owned by LSPI are pioneering advances in the treatment and efficient pipeline transport of heavy, asphaltenic crude oils. LSPI's asserted patents disclose and claim novel and innovative methods for the introduction of certain drag reducing agents ("DRAs") into heavy, asphaltenic hydrocarbon streams to achieve a reduction in drag (friction) as the hydrocarbon stream flows through a pipeline. LSPI's patented methods are currently used in the United States and abroad by LSPI's customers to increase the throughput of heavy, asphaltenic crude oils in pipelines and to reduce the operating pressures of those pipelines. No other drag reduction method works as effectively for improving the transportation of heavy, asphaltenic crude oils in pipelines.

Defendant Flowchem has made a DRA for heavy crude oils that is especially made, adapted, and designed for use with heavy, asphaltenic crude oils in a manner that infringes

LSPI's patent claims. Flowchem is in the process of making substantial and meaningful preparations to use, contribute to others' use of, and/or induce others to use methods that have infringed and/or will infringe LSPI's patents. Flowchem is advertising DRAs that are material to practicing, and are especially made and adapted for use in a manner that infringes, the claims of LSPI's patents. LSPI stands to suffer enormous and irreparable harm and prejudice if Flowchem's meaningful preparation for infringement is not stopped. LSPI thus brings this action to obtain declaratory relief to protect itself from imminent future acts of direct and/or indirect infringement by Flowchem and the irreparable harm that LSPI will continue to suffer, to its substantial detriment and prejudice, in the absence of such relief.

## THE PARTIES

1. LSPI is a corporation organized and existing under the laws of the State of Texas, and maintains its headquarters and principal place of business at One BriarLake Plaza, 2000 West Sam Houston Pkwy South, Suite 320, Houston, TX 77042.

2. LSPI is and has long been a pioneer in the field of DRAs. LSPI's predecessor invented the first commercial DRA, revolutionized the industry with the invention and commercialization of suspension DRAs, and introduced heavy crude DRAs with its invention of the use of high-molecular weight polymeric DRAs in heavy, asphaltenic crude oils. LSPI is a respected leader in the field of DRAs for hydrocarbon streams and has continued to lead the industry with innovative advances in DRA technology.

3. LSPI's ExtremePower® Flow Improver products are widely used in the industry in accordance with the claimed methods of U.S. Patent Nos. 8,022,118, 8,426,498, 8,450,249, and 8,450,250 (collectively "the Patents-in-Suit"). Until the substantial and meaningful preparation to infringe alleged herein, LSPI's ExtremePower® Flow Improver products were the

only commercial DRAs offered to customers that achieved the benefits of LSPI's patented technology by substantially reducing drag during the pipeline transport of heavy, asphaltenic crude oils.

4. Flowchem is a Delaware limited liability company, and maintains its principal place of business at 43253 Old Houston Highway, Waller, Texas 77484.

5. Flowchem makes, uses, imports, and/or offers to sell in the United States and in this District its "TURBOFLO® for Heavy Crude" DRA product, which as described herein is especially made and adapted to be used in accordance with the claimed methods of the Patents-in-Suit, is material to practicing the inventions of the Patents-in-Suit, and has no substantial non-infringing use.

6. Flowchem has made and continues to make substantial and meaningful preparations, in the United States and in this District, to make, use, import, offer to sell, sell, contribute to others' use, and/or to induce others to use its TURBOFLO® for Heavy Crude product with the intent and purpose of infringing, contributing to the infringement by others, and/or inducing others to infringe one or more of the claims of the Patents-in-Suit.

## JURISDICTION AND VENUE

7. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq*., and for a declaratory judgment of patent infringement arising under the Laws of the United States, 28 U.S.C. § 2201.

8. This Court has subject matter jurisdiction pursuant to 38 U.S.C. §§ 1331 and 1338.

9. This Court has personal jurisdiction over Flowchem because Flowchem conducts business in this District, regularly solicits business from this District, does business with, and

derives value from services provided to, customers in this District, and intends imminently to commit acts of patent infringement in this District and thus cause injuries to LSPI in this District.

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(b) because Flowchem operates in this District, has its principal place of business in this District, and has made meaningful preparations for infringement within this District.

## THE PATENTS-IN-SUIT

11. On September 20, 2011, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,022,118 ("the '118 Patent"), entitled "Drag Reduction of Asphaltenic Crude Oils" after a full and fair examination. A true and correct copy of the '118 Patent is attached as Exhibit A.

12. LSPI is the owner by assignment of the '118 Patent and holds all rights, title, and interest in and to the '118 Patent, including the right to sue and recover for all past, present, and future infringements.

13. On April 23, 2013, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,426,498 ("the '498 Patent"), entitled "Drag Reduction of Asphaltenic Crude Oils" after a full and fair examination. A true and correct copy of the '498 Patent is attached as Exhibit B.

14. LSPI is the owner by assignment of the '498 Patent and holds all rights, title, and interest in and to the '498 Patent, including the right to sue and recover for all past, present, and future infringements.

15. On May 28, 2013, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,450,249 ("the '249 Patent"), entitled "Drag Reduction of Asphaltenic Crude Oils" after a full and fair examination. A true and correct copy of the '249 Patent is attached as Exhibit C.

16. LSPI is the owner by assignment of the '249 Patent and holds all rights, title, and interest in and to the '249 Patent, including the right to sue and recover for all past, present, and future infringements.

17. On May 28, 2013, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,450,250 ("the '250 Patent"), entitled "Drag Reduction of Asphaltenic Crude Oils" after a full and fair examination. A true and correct copy of the '250 Patent is attached as Exhibit D.

18. LSPI is the owner by assignment of the '250 Patent and holds all rights, title, and interest in and to the '250 Patent, including the right to sue and recover for all past, present, and future infringements.

19. The '118 Patent, '498 Patent, '249 Patent, and '250 Patent are referred to herein collectively as the "Patents-in-Suit." Each of the Patents-in-Suit is valid and enforceable.

## GENERAL ALLEGATIONS

### Flowchem's Knowledge of and Intent to Infringe the Patents-in-Suit

20. Flowchem knows of the Patents-in-Suit; that its TURBOFLO® for Heavy Crude product is especially made and/or adapted for use in infringing the Patents-in-Suit; and that its actions will lead to infringement of the Patents-in-Suit. Flowchem's actions are therefore deliberate and willful.

21. In the Spring of 2015, LSPI learned that Flowchem would be submitting a bid in competition with LSPI in response to a request for tender issued by an LSPI customer for the supply of a heavy crude DRA to be used in the pipeline transportation of heavy, asphaltenic crude oil.

22. Flowchem had actual knowledge of the Patents-in-Suit prior to the filing of this Complaint and by no later than May 17, 2015. During a May 18, 2015 telephone conversation

between representatives for Flowchem and LSPI, Flowchem acknowledged that it had previously been aware of the Patents-In-Suit. On information and belief, Flowchem learned of the Patents-in-Suit through its efforts to research and/or monitor patents in the technology area of the Patents-in-Suit. During this telephone conversation, LSPI expressed its concern about Flowchem's use of LSPI's patented technology and its testing, use, and offering for sale of its TURBOFLO® for Heavy Crude product which is believed to be especially made and/or adapted for use only in accordance with the claims of the Patents-in-Suit.

23. Flowchem also confirmed its knowledge of the Patents-In-Suit during a May 26, 2015 telephone conversation between representatives for Flowchem and LSPI. During this telephone conversation, LSPI again expressed its above-described concerns.

24. Flowchem and its outside counsel reviewed and analyzed the Patents-in-Suit prior to the May 2015 telephone conversations. On information and belief, Flowchem and its outside counsel reviewed the Patents-in-Suit in part because Flowchem has made substantial and meaningful preparations to make, use, sell, supply, and/or offer for sale its TURBOFLO® for Heavy Crude product, which will imminently cause infringement of one or more methods of the Patents-in-Suit in the U.S.

25. On September 15, 2015, LSPI wrote to Flowchem and again expressed its above-described concerns. As of the filing of this action, Flowchem has not responded to this letter.

26. On information and belief, despite having knowledge of the Patents-in-Suit, Flowchem continues to actively market and offer for sale its TURBOFLO® for Heavy Crude product to potential customers in the U.S. and recommends that it be used in pipelines in the U.S. to treat heavy crude oils having an asphaltene content of at least 3 weight percent and an API gravity of less than about 26 degrees.

27. Flowchem's TURBOFLO® for Heavy Crude product has no commercially viable use other than for treatment of liquid hydrocarbons having an asphaltene content of at least 3 weight percent and an API gravity of less than about 26 degrees.

28. On information and belief, Flowchem studied one or more of LSPI's ExtremePower® Flow Improver products before completing the development of Flowchem's TURBOFLO® for Heavy Crude product.

29. On information and belief, Flowchem used information related to one or more of LSPI's ExtremePower® Flow Improver products and/or one or more of the Patents-In-Suit in the development of Flowchem's TURBOFLO® for Heavy Crude product.

30. On information and belief, Flowchem knew that the use of LSPI's ExtremePower® Flow Improver products was covered by the Patents-In-Suit. Alternatively, on information and belief, Flowchem believed there was a high probability that the use of LSPI's ExtremePower® Flow Improver products was covered by LSPI's patents, and Flowchem took deliberate actions to avoid knowing of that fact. Flowchem therefore was willfully blind as to the imminent infringement that would be caused by its making, using, and/or offering to sell its TURBOFLO® for Heavy Crude product.

31. Flowchem is currently making, using, and/or offering for sale its TURBOFLO® for Heavy Crude product. As discussed further herein, the TURBOFLO® for Heavy Crude product is especially made and/or adapted for use in heavy, asphaltenic crude oils to achieve drag reduction in accordance with one or more of the claimed methods of the Patents-in-Suit and is material to practicing one or more of the claimed inventions of the Patents-in-Suit. The TURBOFLO® for Heavy Crude product has no substantial non-infringing use(s).

**Flowchem's Imminent Direct and Indirect Infringement of the Patents-in-Suit**

32.     Despite having knowledge of the Patents-in-Suit, Flowchem has made and continues to make substantial and meaningful preparations to imminently cause infringement of one or more methods of the Patents-in-Suit in the future.

33.     Flowchem is currently offering to sell its TURBOFLO® for Heavy Crude product and seeks to benefit through advertisements and/or claims from its sales force that its TURBOFLO® for Heavy Crude product achieves the same benefits as LSPI's patented methods and/or LSPI's ExtremePower® Flow Improver products when used in a heavy, asphaltenic crude oil. Specifically, Flowchem advertises its TURBOFLO® for Heavy Crude product for use in accordance with LSPI's patented methods, in particular for use in pipelines carrying heavy crudes with an API gravity of less than 23 degrees.

34.     A true and correct copy of a Flowchem advertisement for its TURBOFLO® for Heavy Crude product from Flowchem's website is attached as Exhibit E. Flowchem's website states: "TURBOFLO® for Heavy Crude is designed for heavy crude oil applications below 23° API gravity. This blend is specially-formulated to dissolve in heavy crude and can potentially achieve 40-50% drag reduction in turbulent heavy crude pipelines." *See* Exhibit E at 2. Flowchem's website also acknowledges that "[h]eavy crude oil is frequently a challenge for traditional drag reducing agents. At crude oil gravities below 23° API gravity, traditional DRAs lose their effectiveness and fail to completely disperse within the heavy crude, resulting in minimal to zero drag reduction." *Id.* at 1.

35.     As another example, the Flowchem website contains a webpage entitled "How TURBOFLO® Works," a true and copy of which is attached as Exhibit F. Flowchem's TURBOFLO® products work by suppressing the growth of turbulent eddies in the stream

8

flowing through a pipeline. As Flowchem's website explains: "Flowchem drag reducing agents (DRA) reduce turbulence and frictional losses in pipelines to improve throughput and energy efficiencies…. DRA functions on a molecular level to decrease turbulence, thereby reducing the frictional pressure losses in a pipeline. TURBOFLO® Drag Reduction Agents are long-chain hydrocarbon polymers that reduce friction near the pipeline walls and within the turbulent fluid core." *See* Exhibit F at 2. The webpage also contains the following image to further illustrate how TURBOFLO® DRAs suppress the growth of turbulent eddies to reduce drag in a pipeline:



*Id.* at 2.

  36. Flowchem is improperly seeking to build a customer base in the U.S. for its TURBOFLO® for Heavy Crude product with full knowledge that this product is especially adapted to practicing the claimed methods and has no substantial non-infringing use.

  37. Flowchem has offered and is offering to provide and/or sell its TURBOFLO® for Heavy Crude product to one or more potential customers who operate pipelines carrying liquid hydrocarbons having an asphaltene content of at least 3 weight percent and an API gravity of less

than about 26 degrees, and has made and is continuing to make substantial and meaningful preparations to continue to sell and/or offer for sale its TURBOFLO® for Heavy Crude product to customers for the purpose of practicing methods claimed in the Patents-in-Suit.

38. By way of example and without limitation, on information and belief, Flowchem has tested its TURBOFLO® for Heavy Crude product and/or offered to test its TURBOFLO® for Heavy Crude product for one or more potential customers on liquid hydrocarbons having an asphaltene content of at least 3 weight percent and an API gravity of less than about 26 degrees.

39. On information and belief, Flowchem has made substantial and meaningful preparations to be in a position to quickly supply significant quantities of its TURBOFLO® for Heavy Crude product for use in a heavy, high-asphaltenic crude oil stream in the U.S. as soon as it receives an order from a customer.

40. Flowchem intends to imminently use, offer for sale, import, and/or sell its TURBOFLO® for Heavy Crude product, contribute to potential customers' use of its TURBOFLO® for Heavy Crude product, and/or encourage, assist, and/or instruct potential customers to use its TURBOFLO® for Heavy Crude product in a manner that Flowchem knows will infringe one or more claims of the Patents-in-Suit.

41. By no later than the telephone conversations between representatives of Flowchem and LSPI in May 2015, Flowchem had or should have had a reasonable apprehension of a lawsuit by LSPI to enforce the Patents-in-Suit based on Flowchem's choice to continue to advertise and solicit potential customers to purchase and use its TURBOFLO® for Heavy Crude product in a manner that Flowchem knows will infringe one or more claims of the Patents-in-Suit.

42. Despite having knowledge of the Patents-in-Suit and of LSPI's intent to enforce the Patents-in-Suit to stop infringement by Flowchem, Flowchem has refused to change the course of its actions, as evidenced at least by its continued advertising, promotion, and/or offering of its TURBOFLO® for Heavy Crude product for use in heavy, asphaltenic crude oils.

43. Flowchem has made substantial and meaningful preparations to directly infringe the Patents-in-Suit, to contribute to others' infringement of the Patents-in-Suit, and to cause others to infringe the Patents-in-Suit. Flowchem has offered to sell and made samples of its TURBOFLO® for Heavy Crude product available to one or more potential customers and/or intermediate suppliers. These samples are especially made and adapted for use in heavy, asphaltenic crude oils to achieve drag reduction in accordance with the claimed methods of the Patents-in-Suit. The samples of Flowchem's TURBOFLO® for Heavy Crude product are material to practicing the claimed methods and have no substantial non-infringing use.

44. Flowchem's past and ongoing preparation and readiness to engage in future acts of direct and indirect infringement is evidenced, by way of example, by its recent attempts to solicit heavy crude DRA business from one or more potential customers, including its submission of a bid in competition with LSPI in response to a request for tender issued by an LSPI customer for the supply of a heavy crude DRA to be used in the pipeline transportation of heavy, asphaltenic crude oil. Flowchem provided this bid with knowledge and intent that its supplying of its TURBOFLO® for Heavy Crude product would cause infringement when the product is used to treat a heavy, asphaltenic crude oil abroad that is subsequently imported into the U.S.

45. As a further part of the ongoing preparation by Flowchem to directly infringe, contribute to infringement, and/or induce infringement of the Patents-in-Suit, on information and

belief, Flowchem has approached and/or plans to approach one or more of LSPI's customers in the U.S. about buying the TURBOFLO® for Heavy Crude product. On information and belief, Flowchem is making preparations to be able to submit bids in competition with LSPI to supply heavy crude DRAs for use in treating heavy, asphaltenic crude oils transported through pipelines in the U.S. Through these customer solicitations, Flowchem is seeking to unfairly exploit LSPI's patented methods claimed in the Patents-in-Suit and cause direct and/or indirect infringement of one or more claims of such patents. Absent injunctive relief, Flowchem's imminent future infringement will cause irreparable harm and substantial prejudice to LSPI . The irreparable harm to LSPI will include (among other things) the inability to recoup the value of a substantial investment of a pioneering invention, lost sales and revenue from its patented technology, loss of customer relationships, inability to develop new and existing customer relationships, and harm to LSPI's reputation and goodwill – injuries that cannot be redressed through money damages alone.

## COUNT 1 – DECLARATORY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 8,022,118

46. LSPI reincorporates and realleges all of the above paragraphs as if included herein.

47. There is a real, immediate, substantial, actual, and justiciable controversy between LSPI and Flowchem concerning Flowchem's impending direct and indirect infringement of one or more claims of the '118 Patent. This controversy is amenable to specific relief through a decree of a conclusive character.

48. LSPI is entitled to, and hereby requests, a judicial declaration that Flowchem will infringe, has induced the impending infringement of, and/or has contributed to the impending

infringement of one or more claims of the '118 Patent, literally or by equivalence, by making, using, selling, importing, and/or offering to sell the TURBOFLO® for Heavy Crude product, providing others with the TURBOFLO® for Heavy Crude product, and/or instructing others on how to use the TURBOFLO® for Heavy Crude product.

49.     Flowchem's activities have caused and will continue to cause irreparable harm to LSPI in its business and property rights, for which there is no adequate remedy at law, unless and until those activities are enjoined by this Court.

## COUNT 2 – DECLARATORY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 8,426,498

50.     LSPI reincorporates and realleges all of the above paragraphs as if included herein.

51.     There is a real, immediate, substantial, actual, and justiciable controversy between LSPI and Flowchem concerning Flowchem's impending direct and indirect infringement of one or more claims of the '498 Patent.  This controversy is amenable to specific relief through a decree of a conclusive character.

52.     LSPI is entitled to, and hereby requests, a judicial declaration that Flowchem will infringe, has induced the impending infringement of, and/or has contributed to the impending infringement of one or more claims of the '498 Patent, literally or by equivalence, by making, using, selling, importing, and/or offering to sell the TURBOFLO® for Heavy Crude product, providing others with the TURBOFLO® for Heavy Crude product, and/or instructing others on how to use the TURBOFLO® for Heavy Crude product.

53.     Flowchem's activities have caused and will continue to cause irreparable harm to LSPI in its business and property rights, for which there is no adequate remedy at law, unless and until those activities are enjoined by this Court.

### COUNT 3 – DECLARATORY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 8,450,249

54. LSPI reincorporates and realleges all of the above paragraphs as if included herein.

55. There is a real, immediate, substantial, actual, and justiciable controversy between LSPI and Flowchem concerning Flowchem's impending direct and indirect infringement of one or more claims of the '249 Patent. This controversy is amenable to specific relief through a decree of a conclusive character.

56. LSPI is entitled to, and hereby requests, a judicial declaration that Flowchem will infringe, has induced the impending infringement of, and/or has contributed to the impending infringement of one or more claims of the '249 Patent, literally or by equivalence, by making, using, selling, importing, and/or offering to sell the TURBOFLO® for Heavy Crude product, providing others with the TURBOFLO® for Heavy Crude product, and/or instructing others on how to use the TURBOFLO® for Heavy Crude product.

57. Flowchem's activities have caused and will continue to cause irreparable harm to LSPI in its business and property rights, for which there is no adequate remedy at law, unless and until those activities are enjoined by this Court.

### COUNT 4 – DECLARATORY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 8,450,250

58. LSPI reincorporates and realleges all of the above paragraphs as if included herein.

59. There is a real, immediate, substantial, actual, and justiciable controversy between LSPI and Flowchem concerning Flowchem's impending direct and indirect infringement of one or more claims of the '250 Patent. This controversy is amenable to specific relief through a decree of a conclusive character.

60.     LSPI is entitled to, and hereby requests, a judicial declaration that Flowchem will infringe, has induced the impending infringement of, and/or has contributed to the impending infringement of one or more claims of the '250 Patent, literally or by equivalence, by making, using, selling, importing, and/or offering to sell the TURBOFLO® for Heavy Crude product, providing others with the TURBOFLO® for Heavy Crude product, and/or instructing others on how to use the TURBOFLO® for Heavy Crude product.  Flowchem also has induced and contributed to, continues to induce and contribute to, and/or will induce and contribute to, others' impending infringement, including (without limitation) under 35 U.S.C. § 271(g), of one or more claims of the '250 Patent by providing others with the TURBOFLO® for Heavy Crude product, submitting a bid to sell the TURBOFLO® for Heavy Crude product, and/or instructing others on how to use the TURBOFLO® for Heavy Crude product in heavy, asphaltenic crude oils, which are sold in, offered for sale in, used in, and/or imported into the United States.

61.     Flowchem's activities have caused and will continue to cause irreparable harm to LSPI in its business and property rights, for which there is no adequate remedy at law, unless and until those activities are enjoined by this Court.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, LSPI respectfully requests a trial by jury of all issues properly triable by jury.

## REQUEST FOR RELIEF

62.     On information and belief, Flowchem has caused or will cause, by its infringing conduct, irreparable harm to LSPI for which there is no adequate remedy at law.  As a result of Flowchem's actions and imminent actions, LSPI has suffered and continues to suffer substantial injury, including irreparable harm and damages including loss of sales and profits that LSPI would have made but for the infringement by Flowchem.

WHEREFORE, LSPI respectfully requests the following relief:

(a) A declaration that Flowchem will directly infringe, induce others to infringe, and/or contribute to others' infringement of each of the Patents-in-Suit when Flowchem uses, makes, imports, offers to sell, and/or sells the TURBOFLO® for Heavy Crude product, provides its customers with, and/or instructs its customers on how to use the TURBOFLO® for Heavy Crude product.

(b) A judgment holding that each of the Patents-in-Suit are valid and enforceable;

(c) A judgment against Flowchem declaring that this is an exceptional case within the meaning of 35 U.S.C. § 285 as against Flowchem and awarding LSPI its reasonable attorneys' fees against Flowchem;

(d) A preliminary injunction to prevent irreparable harm to LSPI during the pendency of this suit by preventing Flowchem, and the directors, officers, agents, servants, employees, and those acting in concert or participation with Flowchem from committing acts of direct infringement, contributing to infringement, and/or inducing infringement of each of the Patents-in-Suit;

(e) A permanent injunction preventing Flowchem, and the directors, officers, agents, servants, employees, and those acting in concert or participation with Flowchem from committing acts of direct infringement, contributing to infringement, and/or inducing infringement of each of the Patents-in-Suit; and

(f) Any and all such other relief as this Court deems just and proper.

| | |
|---|---|
| Dated:  October 5, 2015 | Respectfully submitted, |
| | */s/ Douglas W. McClellan*<br>WEIL, GOTSHAL & MANGES LLP |
| | Douglas W. McClellan<br>Attorney-in-Charge<br>Texas Bar No. 24027488<br>S.D. Texas No. 393038<br>doug.mcclellan@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>700 Louisiana, Suite 1700<br>Houston, TX  77002<br>(713) 546-5000 (phone)<br>(713) 224-9511 (fax) |
| OF COUNSEL:<br><br>Elizabeth Stotland Weiswasser<br>      (pro hac vice pending)<br>elizabeth.weiswasser@weil.com<br>Claire K. Comfort (pro hac vice pending)<br>claire.comfort@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, NY  10153<br>(212) 310-8000 (phone)<br>(212) 310-8007 (fax) | |
| | Suzanne F. Day<br>Texas Bar No. 24047516<br>S.D. Texas No. 22529<br>suzanne.day@lubrizol.com<br>The Lubrizol Corporation<br>2000 West Sam Houston Pkwy South<br>Suite 400<br>Houston, TX 77042<br>(440) 347-5073 |
| Aaron Huang (pro hac vice pending)<br>aaron.huang@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>201 Redwood Shores Pkwy,<br>Redwood Shores, CA 94065<br>(650) 802-3000 (phone)<br>(650) 802-3100 (fax) | Julie A. Harris<br>Texas Bar No. 24094278<br>S.D. Texas No. 621717<br>julie.harris@lubrizol.com<br>The Lubrizol Corporation<br>29400 Lakeland Blvd.<br>Wickliffe, OH 44092<br>(440) 347-2302 |
| | *Attorneys for Plaintiff Lubrizol Specialty Products, Inc.* |