United States District Court
Southern District of Texas

**ENTERED**

February 29, 2016

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUBRIZOL SPECIALTY | § | |
| PRODUCTS, INC., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-2917 |
| | § | |
| FLOWCHEM LLC, | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This patent case is before the Court on the Motion to Dismiss [Doc. # 43] filed by Defendant Flowchem LLC ("Flowchem"), to which Plaintiff Lubrizol Specialty Products, Inc. ("Lubrizol") filed an Opposition [Doc. # 51], Flowchem filed a Reply [Doc. # 52], and Lubrizol filed a Sur-Reply [Doc. # 59-1].[1]  Having reviewed the record and applicable legal authorities, the Court **denies** the Motion to Dismiss.

## I.  BACKGROUND

Lubrizol is the owner of United States Patents No. 8,022,118 ("the '118 Patent"), No. 8,426,498 ("the '498 Patent"), No. 8,450,249 ("the '249 Patent"), and No. 8,450,250 ("the '250 Patent") (collectively, "the Patents-in-Suit").  The Patents-in-Suit claim methods for the introduction of drag reducing agents ("DRAs") into

---

[1]   The Court grants Plaintiff's Motion for Leave to File Sur-Reply [Doc. # 59].

heavy, asphaltenic hydrocarbon streams to achieve drag reduction as the hydrocarbon stream flows through the pipeline. Lubrizol's ExtremePower products embody the patented methods. Lubrizol alleges that for many years it was the only company to offer DRAs that were effective for causing drag reduction in heavy, asphaltenic crude oils.

Lubrizol alleges that in 2014 Flowchem began offering to supply heavy oil DRAs under the name "TURBOFLO." Lubrizol alleges that its test results on samples of Flowchem's TURBOFLO product showed that its active ingredient was the same as in Lubrizol's Patents-in-Suit. Lubrizol alleges that Flowchem copied its TURBOFLO product from Lubrizol's patents, alleging that the Flowchem's product was "especially made and/or adapted for use only in accordance with the claims of the Patents in Suit." *See* Amended Complaint [Doc. # 36], ¶ 22. Lubrizol alleges that Flowchem is marketing TURBOFLO to others, including Lubrizol's largest customers.

Lubrizol filed this patent infringement lawsuit on October 5, 2015, and filed its Amended Complaint on December 4, 2015. Flowchem filed its Motion to Dismiss, which has been fully briefed and is now ripe for decision.

## II.    **APPLICABLE LEGAL STANDARDS**

Because motions to dismiss are not unique to patent law, they are evaluated under the applicable law of the regional circuit. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012); *Addiction and Detoxification Institute LLC v. Carpenter*, 620 F. App'x 934, 936 (Fed. Cir. July 21, 2015). A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147.

Prior to the amendments to the Federal Rules of Civil Procedure effective December 1, 2015, Form 18 informed the adequacy of claims of direct infringement in a patent infringement complaint. *See In re Bill of Lading*, 681 F.3d at 1334. Form 18 required only minimal pleading of direct infringement claims. On December 1, 2015, amendments to the Federal Rules of Civil Procedure abrogated Form 18 in favor of the pleading requirements of Federal Rule of Civil Procedure 8. The Supreme Court, when sending the proposed amendments to Congress, stated that they would be effective December 1, 2015, and would govern proceedings in civil cases filed after that date and "insofar as just and practicable, all proceedings then

pending." This civil case was filed October 5, 2015, prior to the December 1, 2015 effective date of the new amendments. As a result, the new pleading requirements apply to this case only if the Court finds that it is "just and practicable."

This federal district has in place comprehensive procedures for use in patent cases. Those procedures require detailed infringement contentions to be filed early in the litigation. In this case, preliminary infringement contentions are due April 27, 2016. As a result, the Court concludes that it is not just and practicable to require pleadings in this patent case to contain the same level of specificity regarding direct infringement claims as are to be provided by the preliminary infringement contentions.

Indirect infringement claims, however, have consistently been subject to the pleading standards of Rule 8 of the Federal Rules of Civil Procedure. Although the indirect infringement claims must be liberally construed in favor of the plaintiff, the claims must contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a claim is "plausible on its face" is a very "context-specific task." *Id.* at 679. Rule 8 "generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

## III.  DIRECT INFRINGEMENT CLAIMS

### A.  Section 271(a) - Activities Outside the United States

Except as otherwise provided in Title 35, any person who "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent."  35 U.S.C. § 271(a).  United States patents have no effect outside of the United States and, therefore, direct infringement claims can be asserted based only on alleged infringement that occurs within the United States.  *See Deepsouth Packing Co., Inc. v. Laitram Corp.*, 406 U.S. 518, 531 (1972); *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1313 (Fed. Cir. 2005).  For claims involving alleged infringement of a method patent, all of the claimed steps of the method must have been practiced within the United States.  *See NTP*, 418 F.3d at 1318.  On this basis, Flowchem seeks dismissal of Lubrizol's First Amended Complaint.

Flowchem is correct that Lubrizol cannot assert direct infringement claims based on activities occurring outside the United States.  Lubrizol, however, adequately alleges infringement activities inside the United States.  Specifically, Lubrizol alleges that Flowchem infringed the Patents-in-Suit when it used Lubrizol's patented method during testing of TURBOFLO in the United States.  *See, e.g.*, Amended Complaint,

¶¶ 33, 57, 81.  These allegations of improper use of TURBOFLO during testing in the United States, rather than any allegation of selling or offering for sale, are adequate to state a claim of direct infringement under § 271(a).  As a result, to the extent Lubrizol's direct infringement claims are based on use of the patented method inside the United States, the Motion to Dismiss is **denied**.

### B.    Section 271(f)

Title 35, United States Code, section 271(f) provides:

(f)(1) Whoever without authority supplies or causes to be supplied in or from the United States all or a substantial portion of the components of a patented invention, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, shall be liable as an infringer.

(2) Whoever without authority supplies or causes to be supplied in or from the United States any component of a patented invention that is especially made or especially adapted for use in the invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, where such component is uncombined in whole or in part, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, shall be liable as an infringer.

35 U.S.C. § 271(f).

Flowchem argues that § 271(f) is inapplicable to method patents as a matter of law, citing *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 576 F.3d 1348, 1365 (Fed.

Cir. 2009) (*en banc*).  Lubrizol does not, however, assert an infringement claim based

on § 271(f).  Consequently, the Motion to Dismiss as to § 271(f) is **denied as moot**.

C.    <u>Section 271(g)</u>

Section 271(g) provides that "Whoever without authority imports into the

United States or offers to sell, sells, or uses within the United States a product which

is made by a process patented in the United States shall be liable as an infringer, if the

importation, offer to sell, sale, or use of the product occurs during the term of such

process patent."  35 U.S.C. § 271(g).  Flowchem argues that it has no liability under

§ 271(g) because it was not an importer of the patented product.  Lubrizol does not

allege, however, that Flowchem itself infringed under § 271(g).  Lubrizol alleges,

instead, that Flowchem induced others and contributed to others' violations of

§ 271(g).  *See* Amended Complaint, ¶ 80.

Flowchem argues also that § 271(g) applies only to products that are

"manufactured" by a patented process, citing *Bayer AG v. Housey Pharm., Inc.*, 340

F.3d 1367 (Fed. Cir. 2003).  Flowchem argues that, because Lubrizol's patents are

directed to the addition of DRAs to a liquid hydrocarbon in a pipeline, there is no

"manufacture" of any product.  Lubrizol alleges, however, that the patent claims,

specifically those of the '250 Patent, cover a method for combining a liquid

hydrocarbon with a DRA polymer to form a product – a treated heavy crude oil

stream.  *See, e.g.*, '250 Patent Summary of the Invention, Exh. D to Amended Complaint (method of injecting a drag reducing polymer into a pipeline to "produce a treated liquid hydrocarbon . . ."); Amended Complaint, ¶¶ 38, 53, 80.  This "making" of a product that is physical and tangible could support a claim under § 271(g).  *See id.* at 1373-77; *Bio-Technology Gen. Corp. v. Genetech, Inc.*, 80 F.3d 1553, 1561 (Fed. Cir. 1996).

To the extent Lubrizol alleges that Flowchem induced and contributed to infringement under § 271(g), rather than an allegation that Flowchem directly infringed the Patents-in-Suit under § 271(g), the Motion to Dismiss the First Amended Complaint is **denied**.

## IV.   INDIRECT INFRINGEMENT CLAIMS

Lubrizol alleges indirect infringement under both § 271(b) and § 271(c).  "To state a claim for indirect infringement, . . . a plaintiff need not identify a specific direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists."  *Bill of Lading*, 581 F.3d at 1336.

### A.   Section 271(b)

"Whoever actively induces infringement of a patent shall be liable as an infringer."  35 U.S.C. § 271(b).  Induced infringement under § 271(b) "focuses on conduct tied to another *infringer*."  *Suprema, Inc. v. Int'l. Trade Comm'n*, 796 F.3d

1338, 1359 (Fed. Cir. 2015) (emphasis in original).  An inducement claim under
§ 271(b) "requires evidence of culpable conduct, directed to encouraging another's
infringement, not merely that the inducer had knowledge of the direct infringer's
activities."  *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (*en
banc*).

In this case, Lubrizol alleges that Flowchem knew that the use of TURBOFLO
would infringe the Patents-in-Suit.  Lubrizol alleges that, acting with such knowledge,
Flowchem intentionally encouraged potential customers to use TURBOFLO in the
United States in an infringing manner, and instructed them how to do so.  *See, e.g.,*
Amended Complaint, ¶ 38.  These allegations adequately state an inducement claim
under § 271(b) and dismissal of the claim is denied.

Additionally, as discussed above, Lubrizol alleges that Flowchem violated
§ 271(b) as to the '250 Patent by inducing others to violate § 271(g).  *See id.*, ¶¶ 80,
85.  Section 271(g) was enacted to prevent infringers from avoiding United States
patent laws by practicing a patented method in another country and then importing the
resulting product into the United States.  *See Kinik Co. v. Int'l. Trade Comm'n*, 362
F.3d 1359, 1362 (Fed. Cir. 2004).  Lubrizol alleges that Flowchem violates § 271(b)
by inducing *others* to perform the patented methods in other countries and to cause the
resulting product to be imported into the United States in violation of § 271(g).  *See,*

*e.g.*, Amended Complaint, ¶¶ 80, 85.  Lubrizol alleges that Flowchem did so with

knowledge and specific intent to cause infringement of the '250 Patent when the crude

oil treated with TURBOFLO is brought into and sold in the United States.  *See id.*,

¶ 80.  These allegations adequately state a violation of § 271(b) inducement to infringe

under § 271(g).

### B.   Section 271(c)

Contributory infringement is prohibited under § 271(c), which provides:

> Whoever offers to sell or sells within the United States or imports into
> the United States a component of a patented machine, manufacture,
> combination or composition, or a material or apparatus for use in
> practicing a patented process, constituting a material part of the
> invention, knowing the same to be especially made or especially adapted
> for use in an infringement of such patent, and not a staple article or
> commodity of commerce suitable for substantial noninfringing use, shall
> be liable as a contributory infringer.

35 U.S.C. § 271(c).  "In order to succeed on a claim of contributory infringement, in

addition to proving an act of direct infringement, plaintiff must show that defendant

'knew that the combination for which its components were especially made was both

patented and infringing' and that defendant's components have 'no substantial

non-infringing uses.'" *Cross Med. Prods., Inc. v. Medtronics Sofamor Danek, Inc.*,

424 F.3d 1293, 1312 (Fed. Cir. 2005) (quoting *Golden Blount, Inc. v. Robert H.

Peterson Co.*, 365 F.3d 1054, 1061 (Fed. Cir. 2004)).

In this case, Lubrizol alleges that Flowchem contributed to others' infringing use of TURBOFLO in the United States. Lubrizol alleges that Flowchem, knowing of the Patents-in-Suit and with specific intent to cause others to directly infringe them, offered to sell TURBOFLO to customers to enable them to practice the patented method. *See, e.g.,* Amended Complaint, ¶¶ 38, 41, 45. Lubrizol alleges further that TURBOFLO is designed and made for infringing use, and has no other substantial non-infringing use. *See id.,* ¶¶ 44. The Court concludes that, at this pleading stage, Lubrizol has adequately alleged an indirect infringement claim under § 271(c).

## V.   CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF

Lubrizol seeks declaratory and injunctive relief in this case. Flowchem argues that Lubrizol is not entitled to declaratory relief because it has failed to allege viable patent infringement claims. As explained herein, Lubrizol's allegations are adequate at this stage of the proceeding and will be explained more fully when Lubrizol files its preliminary infringement contentions.

Flowchem argues that Lubrizol is not entitled to injunctive relief because it has failed to allege adequately that it will suffer irreparable harm. In the Amended Complaint, Lubrizol alleges that it will suffer irreparable harm, including loss of customer relationships and harm to its reputation and goodwill. Lubrizol alleges that

these injuries cannot be redressed through monetary damages alone.  These allegations are sufficient to avoid dismissal of the claim for injunctive relief.

## VI.    CONCLUSION AND ORDER

Based on the foregoing, Lubrizol has adequately alleged its patent infringement claims.  Accordingly, it is hereby

ORDERED that Flowchem's Motion to Dismiss [Doc. # 43] is DENIED.

SIGNED at Houston, Texas, this 29th day of February, 2016.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE